## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.: 21-cv-103

| | |
|---|---|
| Hai Hua Li, <br><br> Plaintiff, <br><br> v. <br><br> Equifax Information Services LLC, <br><br> Defendant. | **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

1.   This action arises out of Defendant Equifax Information Services LLC's (hereinafter "Defendant Equifax") violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## JURISDICTION

2.   Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681 *et seq.*, and 15 U.S.C. § 1692 *et seq.*

3.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendant conducts business in this District.

## PARTIES

4.   Plaintiff, Hai Hua Li (hereinafter "Plaintiff"), is a natural person who resides in the City of Maple Grove, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

1

5.      Defendant Equifax is a foreign limited liability company organized under the laws of the state of Georgia; is authorized to do business in the state of Minnesota and regularly conducts business within said State; and has a principal place of business located at 1550 Peachtree Street NW, Atlanta, Georgia 30309. Defendant is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f) regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined by 15 U.S.C. § 1681a(d), to third parties.

## FACTUAL ALLEGATIONS

6.      Sometime in or about March 2020, Plaintiff got notification from his credit monitoring service that someone had attempted to open a credit card account using Plaintiff's personal identifying information.

7.      Plaintiff then began reviewing his credit reports.

8.      Plaintiff discovered that someone had used his personal identifying information to open a credit card (account #424631XXXXXX) and a checking account with JPMorgan Chase Bank, N.A. and opened a business in St. Louis, MO.

9.      Plaintiff immediately contacted JPMorgan Chase Bank, N.A., the Maple Grove police department (Incident # MG20004558 on April 10, 2020) and reported the fraud.

10.     In or about September 2020, Plaintiff mailed a dispute letter to Defendant Equifax pursuant to 15 U.S.C. §1681i as well as putting Defendant Equifax on notice that he was a victim of identity theft and fraud and his personal information was appearing

on his credit report and disputed the following fraudulent information:

- *JMCB #424631XXXXXX opened 12/23/19 (this is fraud/ID Theft and was opened by someone claiming to be me but using the name Haihua Li).*
- *Any address in St. Louis, Missouri (I have never lived in Missouri).*
- *Any phone numbers with area code 626 or 355.*
- *Any hard inquiries pulled by banks, lenders or entities except Bank Of America since October 2019.*

11.    Defendant Equifax failed to conduct a reasonable reinvestigation into Plaintiff's dispute in violation of 15 U.S.C. § 1681i.

12.    On October 19, 2020, Plaintiff received the reinvestigation results from Defendant Equifax which continued to contain false and inaccurate information.

13.    Specifically, Defendant Equifax failed to delete the Missouri addresses from Plaintiff's personal information and Defendant Equifax failed to delete the credit inquiries made by CBNA (on 03/20/2020), JPMCB – Card Services (on 03/02/2020 and 12/18/2019), and US Bancorp (on 11/16/2019).

14.    Defendant Equifax has prepared Plaintiff's consumer report without following reasonable procedures to assure maximum possible accuracy of the same, in violation of 15 U.S.C. § 1681e(b).

15.    As a result of Defendant Equifax's failure to reasonably investigate his dispute and inaccurate reporting, Plaintiff has suffered reduced credit, emotional distress, loss of sleep, despair, hopelessness, embarrassment, frustration, and anxiety constituting actual damages pursuant to 15 U.S.C. § 1681o(a)(1) and § 1681n.

16.    Plaintiff is entitled to attorney's fees and costs from Defendant Equifax pursuant to 15 U.S.C. § 1681o(a)(2) and § 1681n.

3

**TRIAL BY JURY**

17.  Plaintiff is entitled to, and hereby demands, a trial by jury.  U.S. Const. amend. VII; Fed. R. Civ. P. 38.

**CAUSES OF ACTION**

**COUNT I.**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT –
15 U.S.C. § 1681 *et seq*.**

**AGAINST DEFENDANT EQUIFAX**

18.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.  Defendant Equifax violated 15 U.S.C. § 1681e and 15 U.S.C. § 1681i by its failure to conduct a reasonable investigation into Plaintiff's disputes and by furnishing Plaintiff's credit report to entities without following reasonable procedures and without ensuring the maximum possible accuracy of the information contained therein, in violation of 15 U.S.C. § 1681e(b).

20.  Defendant Equifax's conduct, actions, and inactions were willful, rendering it liable for punitive damages in an amount to be allowed by the Court pursuant to 15 U.S.C. § 1681n.

21.  Alternatively, Defendant Equifax's violations were negligent, rendering it liable for damages under 15 U.S.C. § 1681o.

22.  As a result of Defendant Equifax's violations of the FCRA, Plaintiff has suffered out-of-pocket expenses, detriment to his credit rating, mental anguish, and

emotional distress in an amount to be determined at trial, pursuant to 15 U.S.C. §1681o.

23.     Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, and costs and attorney's fees from Defendant Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant Equifax for:

- actual, statutory and punitive damages, and costs and attorneys' fees for Defendant Equifax's violations of the FCRA, pursuant to 15 U.S.C §§ 1681n and 1681o, in an amount to be determined at trial; and
- for such other and further relief as the Court may deem just and proper.

Dated this 12th day of January 2021.

Respectfully submitted,

By: s/Thomas J. Lyons Jr.

Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
CONSUMER JUSTICE CENTER, P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:  (651) 704-0907
tommy@consumerjusticecenter.com

***ATTORNEY FOR PLAINTIFF***

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

I, Hai Hua Li, declare under penalty of perjury, as provided for by the laws of the

United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1.  I am the Plaintiff in this civil proceeding.
2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.
3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated this 4 day of January 2021.

s/Hai Hua Li

Hai Hua Li